Filed 4/29/16  P. v. Glover CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064391 |
| v. | (Super.Ct.No. RIF1401340) |
| WILLIE EARL GLOVER JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Willie Earl Glover Jr. appeals from an order denying his petition for resentencing and to reduce his current offenses of second degree burglary

1

(Pen. Code, § 459)[1] and grand theft (§ 487, subd. (a)) to misdemeanors under the Safe Neighborhoods and Schools Act (Proposition 47). (§ 1170.18.) We find no error and affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2013, defendant entered a Walmart store and stole property of value exceeding $950.

On June 3, 2014, after waiving his constitutional rights, defendant pled guilty to second degree burglary (§ 459) and grand theft (§ 487, subd. (a)). Defendant also admitted that he had committed the offenses while released on bail from custody on another matter (§ 12022.1). Defendant further admitted that he had suffered four prior prison terms (§ 667.5, subd. (b)) and one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)). Defendant was subsequently sentenced to a total term of four years eight months in state prison with credit for time served.

On November 4, 2014, voters enacted Proposition 47. It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

Proposition 47 also included a provision that allows certain offenders to seek resentencing. Defendants who are serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense may file a petition for recall of sentence. (§ 1170.18.)

On December 31, 2014, defendant, through counsel, filed a petition for resentencing under section 1170.18. The People opposed the petition, arguing defendant was ineligible because the loss was $1,505 and thus the crimes exceeded Proposition 47's $950 threshold. (See § 1170.18, subd. (a), citing §§ 459.5, 476a, 490.2, 496, 666.)

On May 18, 2015, the trial court denied defendant's petition, finding defendant was ineligible for relief because the loss exceeded $950.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

As previously noted, on November 4, 2014, voters enacted Proposition 47, which made certain crimes misdemeanors that previously had been felonies or wobblers (crimes

3

that can be punished as either felonies or misdemeanors). (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Specifically, the proposition added or amended Penal Code sections 459.5, 473, 476a, 490.2, 496, 666, and Health and Safety Code sections 11350, 11357, 11377. Proposition 47 also added, among other statutory provisions, Penal Code section 1170.18. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.) Section 1170.18 creates a process through which qualified persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

A qualifying person serving a sentence for a felony that was reclassified under Proposition 47 may petition the trial court for a recall of sentence and request resentencing, which must be granted "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subds. (a)-(c).) As pertinent here, Proposition 47 permits a felon serving a sentence for second degree burglary of a commercial establishment—shoplifting—and/or grand theft to petition the court for resentencing as a misdemeanant if the value of the property taken was $950 or less. (§§ 459.5, 490.2.) Here, defendant was ineligible for Proposition 47 relief because the value of the stolen property exceeded $950.

4

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The order denying defendant's Proposition 47 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.